511 P.2d 541 (1973)
Helen D. McCALL, Plaintiff-Appellant,
v.
John R. ROPER et al., Defendants-Appellees, and
Helen Roper, Defendant.
No. 72-032.
Colorado Court of Appeals, Div. II.
June 19, 1973.
*542 Hetherington & McGrath, Leon R. Hetherington, Frisco, for plaintiff-appellant.
Isaac H. Kaiser, Denver, for defendants-appellees John R. Roper, Everett W. Roper and Helen Roper.
Flowers, McKevitt & Creamer, Clifton A. Flowers, Denver, for defendant-appellee Anne Budlong.
Selected for Official Publication.
COYTE, Judge.
This is an appeal of a judgment entered in a negligence action arising out of a three-car accident which occurred on January 14, 1966, at the intersection of West 80th Avenue and LaPlace Court in Westminister, Colorado. Plaintiff was driving west-bound on 80th and defendant John R. Roper was driving east-bound on 80th. Defendant Anne Budlong's vehicle was following the Roper vehicle on 80th Avenue. As defendant John Roper attempted to make a left-hand turn from 80th Avenue to LaPlace Court, the three automobiles collided. The Roper vehicle struck plaintiff's vehicle almost head-on, and Anne Budlong's vehicle collided with the rear of the Roper vehicle, either immediately before or immediately after the collision between plaintiff's vehicle and the Roper vehicle. The plaintiff sustained injuries as a result of the collision.
Plaintiff brought this action, alleging negligence on the part of John R. Roper, a minor, and Anne Budlong and alleging that Everett W. Roper and Helen Roper were liable to plaintiff under the family car doctrine. Trial to a jury of six commenced on October 6, 1971. A stipulated judgment of dismissal was entered as to Helen Roper, mother of John Roper, and this judgment is not an issue in this appeal. At the conclusion of plaintiff's case, the court entered a judgment of dismissal as to Everett W. Roper, father of John R. Roper, on the grounds that the family car doctrine was not applicable and thus no claim had been proved against him. The jury returned a verdict in favor of defendant Anne Budlong and a verdict in favor of plaintiff against the defendant John R. Roper in the amount of $35,750. Plaintiff brings this appeal alleging three grounds of error.

I.
Plaintiff's first allegation of error is that the trial court erred in refusing to give plaintiff's tendered instructions on rear end collisions and on the presumption of negligence arising from certain rear end collisions. There was no evidence which would have justified the giving of these instructions.

II.
Plaintiff's second ground for review is that the trial court committed error in its refusal to admit in evidence the written statement of a witness offered by virtue of the past recollection recorded exception to the hearsay rule.
An eyewitness to the accident, Katherine Waite, 13 years of age at the time, gave a written, unsworn statement to investigators on or about March 2, 1966, approximately one and one-half months after the accident had occurred. At the trial, five and one-half years after the accident, the witness testified that she had no independent recollection of the facts of the accident but that she recognized the memorandum, that it accurately reflected the events recorded in it, and that she knew it to be true when written, but she further testified that she thought she had given the statement a day or so after the accident had occurred, when in fact it had been taken approximately one and one-half months after the happening of the accident. Plaintiff attempted to introduce Katherine Waite's statement into evidence as a past recollection recorded and, upon objection by the defendant Anne Budlong to its admission on the ground that the statement had not been made at or about the time of the *543 events recorded so as to render it admissible under the past recollection recorded exception to the hearsay rule, the court refused to admit the statement.
In ruling on this issue we limit our decision to the objection made by defendant Anne Budlong and the ruling thereon. A determination by the trial court that the statement was made too remote in point of time to the date of the happening of the accident was a matter resting within the discretion of the trial court and such determination will be disturbed only if the trial court abused its discretion. J. C. Penney Co. v. NLRB, 384 F.2d 479. Under the circumstances of the instant case it was within the trial court's discretion to exclude the statement as being too remote in time from the date of the accident.

III.
Plaintiff contends that the trial court committed error in sustaining the motion to dismiss defendant Everett W. Roper at the conclusion of plaintiff's case on the grounds that the family car doctrine did not apply. At the time of the accident, title to the 1941 Plymouth automobile driven by John Roper was in Everett Roper's name. He purchased the car in 1955 and used it until he acquired a company car. Some time in 1965 Everett Roper "gave" the 1941 Plymouth, which at that time had been abandoned and was inoperative, to his minor son John Roper on the condition that he restore it to working condition. John Roper restored the automobile and thereafter maintained it at his own expense. His father contributed nothing to the restoration or maintenance of the automobile. There was undisputed testimony that John Roper was living in his father's home and being supported by his father who was the head of the household. His father exercised no direct control over his son's use of the car, and no one else in the family used the car during the 1955-66 period.
Everett Roper maintains that he was not the true owner but merely held naked legal title without the right of control, that he did not provide the car for the use of his family, and that the certificate of title in his name alone, in the absence of control and use, will not sustain liability under the family car doctrine.
The rule of law in Colorado is clearly set forth in Appelhans v. Kirkwood, 148 Colo. 92, 365 P.2d 233, and is as follows:
". . . [T]he question is whether ownership in and of itself is sufficient to justify application of the family car doctrine. The reason for the rule of law is one of policy. It allows negligence to be imputed to the owner of an automobile who permits members of his household to drive it for their pleasure or convenience. It is said that this renders the driving the `business' of the head of the household-owner and that it is fair and just that he be held responsible under the law. See Prosser on Torts, 369, 2d Ed. (1955), [cases cited] . . . [I]n Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 299, . . . the mother who was head of the household and who held the title, registration and mortgage papers and who had obtained liability insurance was responsible even though it further appeared that the son had beneficial ownership and was making the payments. In holding the doctrine applicable, it was said:
`Without the necessity of citation of any authorities, these admitted and undisputed facts conclusively establish that defendant was the owner of the automobile involved in the accident, and as such was equally liable with her son, the driver thereof, for any damages resulting to another by reason of his negligence while operating, with her permission, the automobile . . ..'"
Under the facts of the instant case it was error for the trial court to rule as a matter of law that the family car doctrine was inapplicable and to dismiss Everett Roper as a party defendant. Under the evidence presented, the jury could have found that there was or was not a completed *544 gift of the auto to the son. See Bunnell v. Iverson, 147 Colo. 552, 364 P.2d 385. In Waggoner v. Wilson, Colo.App., 507 P. 2d 482, we held that the nondelivery of the certificate of title to an automobile does not prevent change of ownership as between the parties to the transaction. Under the circumstances of this case, the determination of the question of ownership of the car is a question of fact essential to a determination of whether the family car doctrine applies, and it was error for the trial court to decide this question rather than submit it to the jury.
Judgment against John R. Roper is affirmed. Judgment in favor of Anne Budlong is affirmed. Judgment in favor of Everett W. Roper is reversed, and this cause is remanded with directions to the trial court to hold a new trial on the sole issue of the applicability of the family car doctrine as applied to Everett W. Roper.
Judgment affirmed in part, reversed in part and remanded with directions.
SILVERSTEIN, C. J., and DWYER, J., concur.