**In re Wolfram S. SOMMER, Dorcas L. Sommer, Debtors,**

**Bruce C. BERNSTEIN, Trustee, Plaintiff,**

v.

**Wolfram S. SOMMER, Defendant.**

**Bankruptcy No. 82 Mc 2273.**

United States Bankruptcy Court, D. Colorado.

Feb. 4, 1983.

Bruce C. Bernstein, Denver, Colo., Trustee.

T. Edward Icenogle, Denver, Colo., for defendant/debtor.

JOHN F. McGRATH, Bankruptcy Judge.

The parties appeared and agreed to submit stipulated facts and briefs to the court by January 17, 1983. Said briefs having been submitted the Court now makes its findings.

The question before the Court is whether the Debtor should be compelled to turn over a one-half interest in a 1956 Jaguar automobile. The Bill of Sale and the application for a State of Colorado Title for a Motor Vehicle were both made out in the names of Wolfram S. Sommer and his son, Gregory Sommer.

The parties have stipulated to the following facts:

1. Wolfram S. Sommer and Dorcas L. Sommer filed a petition in bankruptcy under Chapter 7 on May 7, 1982.

2. Defendant Wolfram Sommer ("Sommer") listed in the Statement of Financial Affairs for "Property Held for Another Person":

Wolfram Sommer is named on title to 1958 [sic] Jaguar owned by his son, Gregory Sommer. The title is in the possession of Shank, Irwin and Holmes, 717 Seventeenth Street, Suite 2440, Denver, Colorado 80202.

3. Plaintiff-Trustee, Bruce C. Bernstein ("Trustee"), on November 8, 1982, commenced an action for turnover of the

1956 Jaguar referenced in Sommer's schedule.

4. The 1956 Jaguar, vehicle identification number A812070CN, was purchased August 8, 1977, from Foreign and Sports Cars, Inc., in Denver, Colorado.

5. The total purchase price of the Jaguar, Seven Thousand Seven Dollars and Seventy Cents ($7,007.70), was paid by cashier's check (Exhibit "A").

6. The cashier's check was drawn by Western Federal Savings and Loan Association on funds from Western passbook account 40–62921–8 belonging to Gregory Sommer ("Gregory"), son of Wolfram Sommer. A copy of that passbook is attached as Exhibit "B".

7. Gregory's Western passbook shows a withdrawal of Seven Thousand Seven Dollars and Seventy Cents on the date of purchase, August 8, 1977.

8. The funds in Gregory's savings account as of the purchase were accumulated by Gregory through parttime work and by reason of an inheritance from his grandmother.

9. Gregory was born March 10, 1961, and under Colorado law was considered a minor on the date the car was purchased.

10. Foreign and Sports Cars, Inc., as dealer, required that Gregory's father be a joint contracting party in the purchase of the Jaguar because of the voidable nature of contracts with minors.

11. Solely because of this dealer requirement, the car was conveyed jointly to Wolfram S. and Gregory P. Sommer. Exhibits "C," "D," "E," and "F" are copies of the conveyance documents.

12. Neither Gregory or Sommer intended at the time of purchase or at any time thereafter for Sommer to have any interest in the Jaguar.

13. The Jaguar was not at the time of purchase capable of being driven nor has it been operational at any time since the purchase. Gregory purchased the car to repair it himself, but never completed the repair work.

14. The Jaguar is currently in a commercial storage facility with other belongings of Sommer. Contributions to storage expenses have been made by both Gregory and his parents.

15. Sommer has never paid insurance fees, repair expenses or taxes on the Jaguar. Sommer has never obtained credit by granting a security interest in the Jaguar, nor has he ever listed the Jaguar as an asset on a credit application.

In his Complaint, the Trustee asserts that the Defendant has in his possession certain property belonging to the estate, namely a one-half interest in a 1956 Jaguar.

The question is, does the property belong to the estate?

11 U.S.C. § 542 provides for turnover to the trustee of property (or the value of property) that the trustee may use, sell or lease under § 363.

11 U.S.C. § 363(b) provides that the trustee, after notice and hearing may use, sell or lease property of the estate.

11 U.S.C. § 541(a)(1) refers to property of the estate as being "all legal or equitable interest of the debtor in property as of the commencement of the case".

In looking at these sections this Court would find, as did the court *In the Matter of Douglas,* 10 B.R. 283, 4 C.B.C. 533 (Bkrtcy.D.Neb.1981) that if the debtor does not have a right to possess or use the property at the commencement of the case, the trustee can not acquire such rights through a turnover action.

The Trustee states that the only certificate of title that could be issued to this Jaguar would list the owners as Wolfram S. and Gregory P. Sommer. The Trustee states that the title is prima facie evidence that the ownership is as specified thereon.

In a matter involving a new title issued after a repossession and the constitutionality of this issuance, the Court looked at the purpose of Colorado's recording act.

"It is a recording act by which prior interests can be ascertained and protected. *See Lye [Loye] v. Denver United States Bank,* 341 F.2d 402 (10th Cir.1965) Nevertheless the certificate of title is

*only* prima facie evidence of all matters therein contained." C.R.S.1963, 13-6-7(2). *Federico v. Universal C.I.T. Credit Corp.,* 140 Colo. 145, 343 P.2d 830. *See Nichols v. Tower Grove Bank,* 362 F.Supp. 374, 378 (E.D.Mo.1973). *Sifuentes v. Weed, Jr.* 186 Colo. 109, 114, 525 P.2d 1157 (1974). (Emphasis added)

In *McCall v. Roper,* 32 Colo.App. 352, 511 P.2d 541 (1973), mentioned in the briefs, the Court found that the ownership of the automobiles was to be determined as a matter of *fact* before determining if the family purpose doctrine applied. Even though this was a matter involving assessment of tort liability we think it applicable as to whether title alone determines the ownership of an automobile.

The stipulated facts in this matter show that the automobile was purchased with the son's own funds. It has also been stipulated that neither party intended for Wolfram Sommer to have any interest in the automobile. Wolfram S. Sommer never used the Jaguar either as transportation or as security for any loan, nor claimed it as an asset.

The father's interest created by his name on the Bill of Sale and Application for Title seems, therefore, to be in the nature of a resulting trust. The marks of a resulting trust are found in *First National Bank of Denver v. Harry W. Rabb Foundation,* 29 Colo.App. 34, 479 P.2d 986 (1970).

"... one in which a party, through no actual or constructive fraud, becomes invested with legal title, but holds that title for the benefit of another..." *First National Bank,* supra at 39, 479 P.2d 986.

The fact that the Debtor has not done anything to remove his name from the Bill of Sale or the application for Colorado title since the son reached the age of contractual majority does not change our finding that the actual ownership of this automobile is in Gregory Sommer. Therefore, we find the 1956 Jaguar is not property of the Debtor's estate.

WHEREFORE, IT IS ORDERED that the Trustee's Complaint for Turnover be and the same is hereby denied.