**Helen D. McCALL, Plaintiff-Appellant,**

v.

**Everett W. ROPER, Defendant-Appellee.**

**No. 82CA1468.**

Colorado Court of Appeals,
Div. I.

March 1, 1984.

As Modified on Denial of Rehearings
March 29, 1984.

Certiorari Granted Aug. 13, 1984.

Jack Greenwald, Denver, for plaintiff-appellant.

Pferdesteller, Vondy, Horton & Coren, P.C., Fred W. Vondy, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Helen D. McCall, appeals the trial court's order reducing her judgment against Everett Roper by the sum of $35,750, based upon a determination that defendants, John R. Roper and Everett W. Roper, are joint tortfeasors, thereby falling within the scope of the Uniform Contribution Among Tortfeasors Act. We reverse.

McCall was injured by an automobile driven by John R. Roper. The automobile was owned by his father, Everett W. Roper. At the time of the accident, John was an unemancipated minor. McCall brought a single action for damages against both defendants. The trial court directed a verdict in favor of Everett. In October 1971, the jury found John liable to McCall, and awarded the sum of $35,750 in damages.

McCall appealed the trial court's dismissal of Everett. In *McCall v. Roper*, 32 Colo.App. 352, 511 P.2d 541 (1973), we reversed and remanded with directions to conduct a new trial on the issue of the applicability of the family car doctrine. On February 3, 1975, the jury returned a verdict finding Everett "liable to the same extent as his son, John, by virtue of the family car doctrine." On receipt of the verdict, the trial court verbally ordered that judgment enter upon the verdict in favor of McCall against Everett.

The trial court's minute order was entered in the registry of actions and was stamped by the clerk of the court indicating that judgment was to be entered on the judgment docket. However, a written judgment was not entered on the docket. Everett filed a motion for new trial, which was denied. He did not appeal.

In 1979, McCall initiated C.R.C.P. 69(d) proceedings against both defendants. In response, Everett filed a motion attacking the validity of the February 3, 1975 judgment. McCall, in return, filed a motion for relief from clerical error and requested the trial court to enter judgment against Everett *nunc pro tunc* to February 3, 1975.

The trial court concluded that there was no proper judgment entered against Everett on February 3, 1975, and that it was without authority to enter judgment against him *nunc pro tunc*. However, it ordered entry of judgment in favor of McCall and against Everett, effective January 21, 1980. McCall filed a motion to amend the judgment of January 21, 1980, or in the alternative for a rehearing, on the ground that the trial court erred in failing to enter judgment *nunc pro tunc* to February 3, 1975. McCall's motion was denied by the trial court.

During the course of these proceedings, McCall and John entered into a "Compromise Settlement Agreement."

The salient provision of the Agreement provides:

"[John] agrees to pay, and McCall agrees to accept, as full and final satisfaction of said judgment, the compromise settlement amount of $8,000.00. Upon payment of said amount as provided herein, McCall agrees not to execute upon her judgment. Upon final settlement or satisfaction with the other defendant in this case McCall shall file an execution or acknowledgement of satisfaction in

whole of said judgment as provided in Rules 58(b) and 79(d) of the *Colorado Rules of Civil Procedure.* Thereafter, McCall shall have no further claim against [John] as a result of said judgment, and [John] shall forever be released from any and all liability to McCall as a result of said judgment."

On December 19, 1980, McCall's counsel, through claimed inadvertance, executed and delivered a "Satisfaction of Judgment" of the October 1971 judgment to John's attorney.

In September 1981, Everett filed a motion for satisfaction of judgment on the ground that the Satisfaction of Judgment executed by McCall in favor of John also relieved him from liability.

The trial court found Everett and John to be joint tortfeasors. Therefore, it ordered that the judgment against Everett be reduced by $8,000. Everett filed a C.R.C.P. 59 motion requesting the trial court to enter an amended order crediting him in the amount of $35,750 or in the alternative, $60,000, the amount quoted in the Compromise Settlement Agreement as representing the value of the judgment plus costs and interest. McCall filed a motion for reconsideration, contending that the trial court erred in concluding that John and Everett are joint tortfeasors.

The trial court concluded that the Uniform Contribution Among Tortfeasors Act, § 13–50.5–101 et seq., C.R.S. (1983 Cum. Supp.) (Act) is applicable to defendants. It reasoned that § 13–50.5–105, C.R.S. (1983 Cum.Supp.) overrides the common law rule that a principal liable for his agent's torts is not a joint tortfeasor and concluded, therefore, that Everett was entitled to a $35,750 credit pursuant to the Compromise Settlement Agreement executed by McCall and John.

▮ McCall contends that the trial court erroneously concluded that Everett and John are joint tortfeasors and, therefore, erred in applying § 13–50.5–105. We agree.

In *Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960), the court stated:

"[T]he common law rule prohibiting contribution between joint tortfeasors does not apply to a master whose liability for the torts of his servant is based on respondeat superior, for even though the liability is joint and the two may be joined in one action, they are not joint tortfeasors."

In applying the principles of *Hamm v. Thompson* here, we note that Everett's liability for McCall's injury was vicarious, based solely upon the family car doctrine. As such, this situation is no different than a respondeat superior situation in which the liability of the servant is imputed to the master. Therefore, although jointly and severally liable for McCall's injury, Everett and John are not joint tortfeasors.

The court in *Hamm v. Thompson* cited with approval 1 *F. Harper & F. James, Torts* § 10.1 (1956). That section provides:

"[A] joint tort is not actually involved when a master or a principal is held liable respectively for his servant's or agent's wrong, *or when the head of a household is sued together with another family member for the latter's tort while using the family car.* The master or principal has not participated in the planning or the consummation of the tort; his liability is based instead on the doctrine of respondeat superior, which is grounded in the law of agency." (emphasis supplied)

▮ McCall, as a judgment creditor, may release John as a judgment debtor, without releasing or discharging the liability of the remaining judgment debtor severally liable. Section 13–50–102, C.R.S. The language of the Compromise Settlement Agreement, though inartfully drawn, is that of a covenant not to enforce judgment and does not discharge tortfeasors other than the covenantee. Section 13–50.5–105. Thus, McCall and John did not bargain to release Everett from liability under the judgment. *See Farmers Elevator Co. v. Morgan,* 172 Colo. 545, 474 P.2d 617 (1970).

But for the $8,000 credit, Everett remains liable for the judgment against him. However, as Everett's liability was vicarious, he is entitled to indemnity against John for all sums he must pay on the judgment. *Hamm v. Thompson, supra. See also Western Insurance Co. v. Brochner,* 682 P.2d 1213 (Colo.App.1983).

McCall also contends that the trial court erred in refusing to order the entry of judgment against Everett *nunc pro tunc* to February 3, 1975. We agree.

Here, although a written judgment against Everett was never entered on the judgment docket, the trial court verbally ordered entry of judgment upon the verdict in favor of McCall on February 3, 1975. In addition, the trial court's minute orders of February 3, 1975, which ordered entry of judgment on the verdict, were entered in the registry of actions and stamped with the words "enter judgment docket." Everett filed a motion for new trial, which, after a hearing, was denied by the trial court. Everett did not seek appellate review.

In *Moore & Co. v. Williams,* 672 P.2d 999 (Colo.1983), our supreme court stated that:

"A clear and precise minute order can be effective as a final judgment.... Therefore the entry on the register of actions of a minute order which constitutes a final judgment is entry of a final judgment on the register of actions."

Here, the minute order to enter judgment upon the jury verdict completely adjudicated the rights of the parties as Everett was found jointly and severally liable on the judgment previously entered against his son John. *See Aurora v. Powell,* 153 Colo. 4, 383 P.2d 798 (1963). Therefore, the trial court erred in refusing to order entry of judgment against Everett *nunc pro tunc* to February 3, 1975.

The judgment is reversed and the cause is remanded to the trial court with directions to vacate its order concluding that Everett and John are joint tortfeasors, and granting Everett a $35,750 credit against the judgment against him. The trial court's order entering judgment against Everett on January 21, 1980 is reversed, and the trial court is directed to enter judgment for $35,750 against Everett *nunc pro tunc* to February 3, 1975, plus costs and interest from that date. Further, since Everett is entitled to a credit for the $8,000 paid to McCall by John, the trial court is directed to determine the date of payment, and to credit the judgment against Everett accordingly.

PIERCE and SMITH, JJ., concur.