**Laurence HARTMAN,
Plaintiff-Appellant,**

v.

**M.R. WATTERS, Defendant-Appellee.**

No. 84CA0318.

Colorado Court of Appeals,
Div. III.

Nov. 29, 1985.

Howard Morrison, Colorado Springs, for plaintiff-appellant.

Mitchell & Mitchell, P.C., Rexford L. Mitchell, Rocky Ford, for defendant-appellee.

TURSI, Judge.

Laurence Hartman, plaintiff, appeals, contending the trial court erred in calculating the damages to which he was entitled as of the time of the final judgment rather than as of the date on which the jury findings issued. We affirm.

Hartman and defendant, M.R. Watters, entered into a business arrangement in which Watters was to supply the money to Hartman for the development of an apartment complex. Hartman claimed they were to share equally in the net proceeds after Watters had recouped his initial investment. When the project neared completion, Watters denied that such an arrangement existed, saying that he and Hartman had agreed that Hartman would act as Watters' employee to develop the property.

Hartman sued Watters for breach of the agreement. At trial, before the jury findings were returned, Hartman and Watters entered into a stipulation which provided in part:

"In the event that the jury should determine that Mr. Hartman is entitled to 50% of the net proceeds of the value of the land ... as determined by the jury ... but should determine that ... there is no partnership, then Plaintiff is entitled to an immediate judgment for 50% of the amount determined by the jury ... less the amount that Mr. Watters has contributed towards the property, including any interest he has paid, all costs, contributions, and interest, being subject to proof by Mr. Watters of those expenditures."

On June 15, 1981, the jury found that Hartman was entitled to 50% of the net proceeds, that there was no partnership, and that the value of the property as it then existed was $1,000,000. Both parties asked that judgment not be entered at that time because Hartman believed that he had found a buyer to purchase Watters' share of the property. In 1983, when the deal did not materialize, the parties asked the court to enter judgment.

On December 23, 1983, the court entered judgment based upon an assumption that the value of the property was $1,000,000. It ordered that Watters' costs, contributions, and interest were $467,367.90; and that the remaining value in the property, less the costs of sale and less the costs of protecting neighbors from further flooding, should be divided equally between the parties. Based upon the assumption that the value of the property was $1,000,000, it concluded that Hartman was to receive at least $266,316, from which half the sales costs and half the costs of protecting the neighbors would be deducted.

On January 26, 1984, the court entered a supplemental judgment ordering that Hartman was entitled only to half the net proceeds after sale, which were to be any monies remaining after Watters had deducted all reasonable expenses. Therefore, the supplemental judgment did not include a lower limit on the amount that Hartman was to recover. Watters was ordered to provide accurate and certified accounting records of all further expenditures.

The essence of Hartman's appeal is that the trial court should have allowed the judgment to speak as of June 15, 1981, rather than January 26, 1984, and that by using the later date, the trial court deprived the jury findings of any real meaning. We disagree.

On June 15, 1981, the jury issued findings of fact. Such findings do not constitute a judgment. To constitute a judgment, there must be a judicial act. *City of Aurora v. Powell*, 153 Colo. 4, 383 P.2d 798 (1963). The judicial act was delayed for over two years at the request of the parties, after which, again at the request of the parties, the trial court entered final judgment on the findings of the jury and substantially in keeping with the stipulation entered into by the parties.

A stipulation becomes valid and enforceable as of the date the trial court announces in open court that the stipulation is an order of the court, and the parties are bound by it as of that date irrespective of the date on which judgment is entered. *Luna v. Fisher*, 690 P.2d 264 (Colo.App.1984). In this case, the portion of the stipulation calling for an immediate judgment was deferred by agreement of the parties. The fact that the trial court interpreted the stipulation to encompass all Watters' expenses up to the date of the final sale was within the power of the court. *See City of Aurora v. Powell, supra.*

Judgment affirmed.

BERMAN and METZGER, JJ., concur.