23CA2064 Mesa BOCC v Hale 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2064 Mesa County District Court No. 22CV30099 Honorable Matthew D. Barrett, Judge Board of County Commissioners of the County of Mesa, Colorado, Plaintiff-Appellee, v. Beverly A. Hale, George Hale, and Beverly A. Hale Trust, Defendants-Appellants. ORDER AFFIRMED Division III Opinion by JUDGE DUNN Moultrie and Bernard*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Todd M. Starr, County Attorney, David Schwenke, Assistant County Attorney, Grand Junction, Colorado, for Plaintiff-Appellee Davis Law Group, J.R. Davis, Trevor J. René, Grand Junction, Colorado, for Defendants-Appellants *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.
1 ¶ 1 Defendants, George Hale, his mother Beverly A. Hale, and the Beverly A. Hale Trust (collectively, the Hales), appeal the district court’s order denying their motion to reconsider. We affirm. I. Background ¶ 2 In the spring of 2022, plaintiffs, the Mesa County Board of County Commissioners (County), filed a complaint for injunctive relief against the Hales. The County alleged several violations of the Mesa County Land Use Development Code (Code) as well as the Mesa County Public Health Rules (Rules). In essence, the County sought to enjoin the Hales from storing “junk” on their property and to require them to remove existing “junk” and “garbage” from the property. ¶ 3 Although the Hales initially disputed the allegations, they ultimately entered into a stipulation for deferred judgment. Under the stipulation, the County agreed to allow the Hales additional time to bring their property into compliance with the Code and Rules, and, in turn, the Hales agreed to “bring the property into compliance with the Code and the Rules on or before October 6, 2022.” The Hales further agreed that if — after a notice of the right to cure — they failed to bring their property into compliance, then, 
2 upon the County’s request, a default judgment will enter “without further notice” and “without further proceedings in this matter.” ¶ 4 The district court made the stipulation an order of the court, requiring the Hales to bring the property into compliance by October 6 and ruling that the failure to do so “shall result in” a default judgment upon the County’s request. ¶ 5 After the October deadline passed, the Hales filed a pro se motion asking the court to vacate the deferred judgment and to dismiss the charges. The district court denied the motion because “there [had] been no activity in [the] case since the stipulation was filed,” and, accordingly, “there [was] no controversy for [the court] to resolve.” ¶ 6 A few weeks later, the County filed a motion for default judgment and final decree of adjudication. In support of the motion, the County submitted approximately eighty pictures of the Hales’ property as well as an affidavit from a Code Compliance Officer describing and documenting the ways in which the property violated the Code and Rules and failed to comply with the stipulation. 
3 ¶ 7 In response, the Hales didn’t argue that they had complied with the stipulation; rather, they argued that the “County [had] not proven any violation, past or present.” ¶ 8 Finding that the Hales “failed to meet the terms and conditions of the stipulation,” the court granted the County’s motion and entered default judgment against the Hales. The judgment enjoined the Hales from violating the Code and Rules, ordered them to “abate all violations” of the Code and Rules, and imposed monetary penalties for each day the violations continued. ¶ 9 The Hales didn’t move to set aside the default judgment. See C.R.C.P. 55(c); see also C.R.C.P. 60(b). ¶ 10 About six months later, the County moved for entry of judgment and abatement. That motion asserted that the Hales hadn’t complied with the default judgment and that they continued to be noncompliant with the Code and Rules. The County asked the court to, among other things, “enter an order allowing [it] to abate” the Code and Rule violations. ¶ 11 Now represented by counsel, the Hales responded. They didn’t argue that they had complied with the default judgment or abated any Code violations. Instead, they disputed the meaning of some of 
4 the Code’s language — such as what qualifies as “junk” and what constitutes “ordinary view” — and argued they were not in violation of the Code. And they requested an evidentiary hearing. ¶ 12 The court granted the County’s motion without holding a hearing and authorized the County to abate the property, explaining that the Hales had “already confessed by way of the stipulation that the property” didn’t comply with the Code and that “default judgment” entered “long ago.” ¶ 13 The Hales then filed a motion for reconsideration, raising some of the same arguments made in the response to the abatement motion and some new ones. The reconsideration motion again disputed that a Code violation occurred and again asked for an evidentiary hearing. ¶ 14 The district court denied the motion for reconsideration, finding that it “raise[d] no issues” and advanced “no arguments that could not have been previously raised,” and thus constitute[d] an “improper request for reconsideration under C.R.C.P. 121, 1-
15(11).” II. Analysis ¶ 15 The Hales contend that the district court erred by denying 
5 their motion for reconsideration without an evidentiary hearing. We aren’t persuaded. ¶ 16 A motion to reconsider is addressed to the sound discretion of the district court. Hytken v. Wake, 68 P.3d 508, 512 (Colo. App. 2002); accord Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC, 2015 COA 177, ¶ 52. That means we will not disturb the court’s ruling unless it was manifestly arbitrary, unreasonable, or unfair, or misapplied the law. Ferraro v. Frias Drywall, LLC, 2019 COA 123, ¶ 10. ¶ 17 Where — as here — a party seeks reconsideration of an interlocutory order, C.R.C.P. 121, § 1-15(11) applies. See Przekurat v. Torres, 2016 COA 177, ¶ 50. Such motions, however, are “disfavored,” and a party seeking reconsideration “must show more than a disagreement with the court’s decision.” C.R.C.P. 121, § 1-
15(11). “Such a motion must allege a manifest error of fact or law that clearly mandates a different result or other circumstance resulting in manifest injustice.” Id. Thus, reconsideration motions are not the place to raise new arguments or arguments that could have or should have been brought in an earlier proceeding. E.g., 
6 United States v. City of Golden, 2024 CO 43M, ¶ 77; accord Fox v. Alfini, 2018 CO 94, ¶ 36. ¶ 18 We are unpersuaded that the district court abused its discretion by denying the motion for reconsideration for a couple of reasons. First, although the reconsideration motion acknowledges the court’s abatement order, it seeks to litigate the merits of the original complaint. Put simply, it argues that the Hales didn’t violate the Code or Rules. But that issue has come and gone. The Hales stipulated that they violated the Code, they agreed to bring their property into compliance, and the court made the stipulation an order of the court. See Durbin v. Bonanza Corp., 716 P.2d 1124, 1128 (Colo. App. 1986) (“Stipulations are a form of judicial admission which are binding on the party who makes them and may constitute the basis for a judgment.”); Hartman v. Watters, 711 P.2d 1287, 1288 (Colo. App. 1985) (noting that a court-ordered stipulation is binding on the parties). ¶ 19 The court later entered a default judgment, finding the Hales violated the stipulation. Though the Hales filed a motion stating their intention to challenge the default judgment immediately after it entered, they did not do so. And they may not attack the 
7 stipulation and default judgment later in the guise of a motion to reconsider the abatement order without presenting any basis to set aside the default judgment or explaining why they didn’t file a timely challenge to the default judgment. See Fox, ¶ 37; see also C.R.C.P. 60(b). ¶ 20 Second, the district court correctly noted that the motion for reconsideration presented arguments that could have been previously raised. More specifically, had the Hales wanted to challenge the stipulation and default judgment, they needed to do so much earlier in the proceeding. For this reason, too, the court properly denied the motion for reconsideration. See Fox, ¶ 36. ¶ 21 And third, the Hales’ claim that the court violated their due process rights by not holding a hearing on the Code violations has nothing to do with the motion to reconsider the abatement order. Even had they sought to set aside the default judgment on due process grounds, they would have had to overcome their voluntary stipulation that allowed the court to enter default judgment “without further notice and without further proceedings.” ¶ 22 We of course recognize that the Hales were pro se when they entered the stipulation and when the court entered the default 
8 judgment.
1 While we acknowledge that self-representation is difficult, pro se parties are bound by the same rules, procedures, and law as represented parties. See, e.g., Gandy v. Williams, 2019 COA 118, ¶ 8. ¶ 23 Focusing on the single order before us, we conclude that the district court didn’t abuse its discretion by denying the motion for reconsideration without a hearing. See C.R.C.P. 121, § 1-15(4) (a court has discretion to set a hearing). III. Disposition ¶ 24 The order is affirmed. JUDGE MOULTRIE and JUDGE BERNARD concur. 1 The district court entered the default judgment on January 17, 2023. The Hales’ counsel entered an appearance on February 13, 2023, but didn’t file any pleadings until August 4, 2023.