John A. THOMPSON,
Plaintiff–Appellant,

v.

DAIRYLAND INSURANCE COMPANY,
Defendant–Appellee.

No. 80CA0045.

Colorado Court of Appeals,
Div. I.

Sept. 11, 1980.

Michael R. Bromley, P. C., Michael R. Bromley, Colorado Springs, for plaintiff–appellant.

Melat & Wheeler, Jeffrey R. Wheeler, Colorado Springs, for defendant–appellee.

COYTE, Judge.

Plaintiff appeals the trial court judgment entering summary judgment in favor of defendant, Dairyland Insurance Company, and dismissing plaintiff's complaint. We affirm.

The parties submitted a pretrial stipulation to the court which contained the following undisputed facts. While driving his motorcycle, plaintiff was involved in an accident with a pickup truck. As a result of that accident, plaintiff suffered serious personal injuries and incurred medical and rehabilitative expenses and loss of income. At the time of the accident, plaintiff was the named insured under a motorcycle insurance policy issued by Dairyland which policy included liability, collision, and comprehensive insurance provisions. Plaintiff made a formal demand upon Dairyland for payment of his medical and rehabilitative expenses and his loss of income (PIP coverage). Dairyland refused to make such payments.

Both parties filed motions for summary judgment based upon the stipulation and upon plaintiff's insurance policy issued by Dairyland. The trial court found that no issues of material fact existed and that the facts are as stated above. The court concluded that, as a matter of law, § 10–4–703(7), C.R.S.1973, specifically excludes motorcycles from inclusion in the Colorado Auto Accident Reparations Act, § 10–4–701 et seq., C.R.S.1973; that § 10–4–707(2), C.R.S.1973, does not expand the coverage of the Act of plaintiff; and that the insurance agreement entered into between the parties does not include coverages sought by plaintiff in this action. We agree.

■ On appeal, plaintiff contends that the Act requires an insurer to provide PIP coverage for injuries received by its insured as a result of an accident in which the insured's motorcycle is hit by another car. We disagree.

Section 10–4–703, C.R.S.1973, states the definitions to be used in the Act, unless the context otherwise requires. The definition of "motor vehicle" specifically excludes mo-

torcycles. *See* § 10–4–703(7), C.R.S.1973. The provisions of the Act requiring coverage and specifying the minimum coverages required refer to the definition of "motor vehicles" found in § 10–4–703(7), C.R.S. 1973.

Plaintiff relies upon §§ 10–4–707(1)(a) and (2), C.R.S.1973. Section 10–4–707(2), C.R.S.1973, provides:

"The definition of 'motor vehicle' set forth in section 10–4–703(7) shall not apply with respect to paragraphs (a) and (b) of subsection (1) of the section. For purposes of said paragraphs (a) and (b), 'motor vehicle' means any motor vehicle required to be registered and licensed for operation on the public highways of this state or any other jurisdiction."

Section 10–4–707(1)(a), C.R.S.1973, provides that the minimum coverages required by the Act shall be applicable to:

"Accidental bodily injury sustained by the named insured when injured in an accident involving any motor vehicle, regardless of whether the accident was in this state or in any other jurisdiction, except where the injury is a result of the use or operation of the named insured's own motor vehicle not actually covered under the terms of this part 7 . . . ."

Here, it is undisputed that plaintiff's motorcycle is required to be registered and licensed for operation on the public highways of the state of Colorado and that the injury to plaintiff was the result of the use or operation of the named insured's own motor vehicle. However, plaintiff's motorcycle is not "actually covered" under the terms of the Act. *See* § 10–4–703(7), C.R.S. 1973. Thus, there is no merit to plaintiff's contention that Dairyland was required to offer PIP coverage on its motorcycle policy.

■ Plaintiff next contends that his insurance coverage included PIP benefits. We disagree.

The insurance agreement entered into between plaintiff and Dairyland clearly states:

"The insurance afforded, as described in item 6, is only with respect to the auto-

mobile described herein and to such and so many of the coverages as indicated by specific premium charge or charges."

The coverage described in item 6 for which plaintiff was charged a premium consists of bodily injury liability, property damage liability, and comprehensive and collision coverage. Therefore, under the terms of plaintiff's policy, plaintiff was not charged and did not pay the premium for PIP coverage.

Thus, plaintiff is not entitled to be reimbursed by defendant for his medical expenses and lost income.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.