Richard **MARTINEZ**, Plaintiff–Appellant,

v.

**ALLSTATE INSURANCE COMPANY,** Defendant–Appellee.

No. 96CA1799.

Colorado Court of Appeals, Div. V.

Dec. 11, 1997.

Rehearing Denied Jan. 29, 1998.

Certiorari Denied July 27, 1998.

Sears & Swanson, P.C., Victoria C. Swanson, Colorado Springs, for Plaintiff–Appellant.

Levy & Lambdin, P.C., Suzanne Lambdin, Stephanie A. Montague, Englewood, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

This is a declaratory judgment proceeding involving an interpretation of the Colorado Auto Accident Reparations Act (Nofault Act), § 10–4–701, et seq., C.R.S.1997. Plaintiff, Richard Martinez, appeals the summary judgment entered in favor of defendant, Allstate Insurance Company, which declared that he owned the motorcycle he was riding when injured during an accident and that, thus, he was not entitled to personal injury protection (PIP) benefits as a resident relative using a non-owned vehicle under his parent's automobile insurance policy. We affirm.

The facts are undisputed. Martinez was injured while operating a motorcycle. Although his sister was named as the owner of the motorcycle on the certificate of title, Martinez had paid the purchase price and all license, title, and registration costs; he had regularly and exclusively used it as his sole means of transportation; and he considered it to be exclusively his vehicle. He also had maintained the motorcycle and insured it, listing himself as the owner under his policy.

The sister had never operated the motorcycle, did not keep it at her residence, and considered it to belong exclusively to Martinez. The motorcycle was titled and registered in her name solely to avoid its being considered marital property in a dissolution of marriage proceeding between Martinez and his wife.

At the time of the accident, Martinez resided with his parents. While he had insured

the motorcycle for liability and property damage, the policy did not include PIP benefits. Thus, Martinez sought such benefits under his parent's automobile insurance policy issued by Allstate, contending that he was a resident relative using a non-owned vehicle.

Martinez contends that the trial court erred in finding that he owned the motorcycle. We disagree.

Concerning PIP benefits, the policy provides that Allstate will "pay to or on behalf of the injured person the following benefits in accordance with the [No-fault] Act...." Section 10–4–707(1)(b), C.R.S.1997, of the Act provides that PIP coverages apply to accidental bodily injury sustained by a resident relative of the named insured "except where the relative is injured as a result of the use or operation of *his own* motor vehicle not actually covered ...." (emphasis added)

Martinez argues the phrase "his own" refers only to a person who has legal title to a vehicle. In support of this argument, he refers us to the definition of "owner" set forth in the Act, which provides in relevant part that: "Owner means a person who holds the legal title to the vehicle...." Section 10–4–703(8), C.R.S.1997. Accepting his contention, however, does not end the inquiry.

The term "legal title" is not defined in the No-fault Act. Martinez argues that this phrase can mean only the holder of a certificate of title to the vehicle. We disagree.

The Certificate of Title Act, § 42–6–107(2), C.R.S.1997, provides in part that a "certificate of title shall be *prima facie evidence* of all the matters therein contained and that the person in whose name said certificate is registered is the lawful *owner of* the vehicle therein described." (emphasis added) But, a certificate of title does not represent conclusive proof of ownership. Rather, it evidences only a rebuttable presumption of ownership. *See Sifuentes v. Weed,* 186 Colo. 109, 525 P.2d 1157 (1974) (certificate of title is only prima facie evidence of all matters therein contained); *Federico v. Universal C.I.T. Credit Corp.,* 140 Colo. 145, 343 P.2d 830 (1959) (proof of a pre-existing lien overcomes the prima facie force of a certificate of title that contains no lien

notation); *McCall v. Roper,* 32 Colo.App. 352, 511 P.2d 541 (1973).

Here, Allstate overcame the statutory presumption of ownership of the motorcycle by the sister. Martinez and his sister both admitted that the sole reason for titling the vehicle in the sister's name was to avoid any property dispute with Martinez' wife in the dissolution of marriage proceeding. Martinez had purchased the motorcycle with his own funds and had the exclusive right to possess, use, and enjoy it. Hence, we conclude that Martinez held the legal title to the vehicle and that he was, thus, injured as a result of the operation of his own motorcycle.

For these reasons, we find no error in the trial court's conclusion.

Because of this resolution, we need not address Martinez' remaining contentions.

The judgment is affirmed.

RULAND and KAPELKE, JJ., concur.