Peter BRUCHA, Plaintiff–Appellant,

v.

CRUISE AMERICA, INC., a Florida corporation, Defendant–Appellee.

No. 01CA0057.

Colorado Court of Appeals, Div. I.

Dec. 6, 2001.

Certiorari Denied Sept. 3, 2002.

Law Offices of Tim .LaFrance, Tim A. LaFrance, Durango, CO, for Plaintiff–Appellant.

Antonio Bates Bernard, P.C., John L. Wheeler, Denver, CO, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Peter Brucha, appeals the judgment that held he was not entitled to personal injury protection (PIP) benefits under his motor vehicle insurance and rental contract with defendant, Cruise America, Inc. We reverse and remand for further proceedings.

Defendant is a self-insured corporation in the business of renting vehicles. On September 25, 1995, plaintiff rented a motor home and four motorcycles from defendant in Las Vegas, Nevada, and was listed as an "authorized driver" in the contract. Not having other insurance, he arranged for insurance coverage with defendant. A week later, on October 2, 1995, while riding one of the rented motorcycles in Durango, plaintiff was injured in an automobile-motorcycle accident. Plaintiff made a claim for PIP benefits under his insurance and rental contract with defendant, but defendant denied liability.

Plaintiff then sued defendant for breach of contract and bad faith breach of contract, and also asserted claims under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.2001 (the No–Fault Act). Later, the trial court entered summary judgment in his favor on the issue of coverage. On defendant's motion for reconsideration, another judge concluded that, because plaintiff was not the "named insured" under the insurance and rental contract, he was not entitled to PIP coverage; therefore, it entered summary judgment in defendant's favor. The parties then stipulated to entry of final judgment and the trial court so ordered.

Plaintiff contends the entry of summary judgment for defendant on the coverage issue was error. He argues that he was the named insured on the insurance and rental contract with defendant covering the rented motor home and, therefore, was entitled to PIP coverage for his motorcycle accident. We agree.

■ An insurance policy is a contract, and its interpretation is a question of law that we review de novo. *See State Farm Mutual Automobile Insurance Co. v. Stein,* 940 P.2d 384 (Colo.1997).

■ One of the purposes of Colorado's No–Fault Act is "to avoid inadequate compensation to victims of automobile accidents." Section 10–4–702, C.R.S.2001. *See also Metropolitan Property & Casualty Insurance Co. v. Hertz Corp.,* 981 P.2d 1091 (Colo.1999); *Thompson v. Budget Rent–A–Car Systems, Inc.,* 940 P.2d 987 (Colo.App.1996). The No–Fault Act is to be liberally construed to effectuate its remedial and beneficent purposes. *See Metropolitan Property & Casualty Insurance Co. v. Hertz Corp., supra.*

Every insurance policy covering use of a motor vehicle in Colorado, even if it is issued in another state, must provide coverage at least as extensive as the minimum coverage required by §§ 10–4–706 and 10–4–707, C.R.S.2001. Section 10–4–711(4), C.R.S.2001; *see also Ranger v. Fortune Insurance Co.,* 881 P.2d 394 (Colo.App.1994). Defendant's insurance and rental contract complied with those requirements.

■ Under § 10–4–705(3), C.R.S.2001, the minimum coverage for motorcycles does not include PIP coverage as set out in § 10–4–706. Therefore, unless a motorcycle owner specifically purchases PIP coverage, he or she cannot recover PIP benefits for an injury incurred while operating his or her own motorcycle. *Thompson v. Dairyland Insurance Co.,* 618 P.2d 736 (Colo.App.1980); *see also*

*Martinez v. Allstate Insurance Co.*, 961 P.2d 531 (Colo.App.1997).

However, § 10–4–707(1)(a), C.R.S.2001, mandates PIP coverage for a named insured who is injured while operating a vehicle that does not belong to him or her. *See also Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550 (Colo.App.1998). Motorcycles are included in the definition of vehicles for purposes of that section. *See* § 10–4–707(2), C.R.S.2001' *see also DeHerrera v. Sentry Insurance Co.*, 30 P.3d 167 (Colo.2001).

■ Thus, as the parties agree, the insurance and rental contract was an insurance contract for purposes of the No–Fault Act. The parties also agree that, if plaintiff was the named insured on the insurance and rental contract for the motor home, he is entitled to PIP coverage for the expenses he incurred in the motorcycle accident.

The trial court relied on *Nelson v. Strode Motors, Inc.*, 198 Colo. 366, 600 P.2d 74 (1979), in determining that plaintiff was not a named insured. In *Nelson*, the plaintiff was injured in a pedestrian accident that did not involve his rented vehicle. He submitted a claim to the rental company, contending he was the named insured under the automobile rental contract and therefore was entitled to PIP benefits. The supreme court rejected this argument, holding that the policy insured the plaintiff for bodily injuries and property damage incurred only while he was using the rented automobile.

Later, a division of this court relied on *Nelson* in reasoning that, because an automobile rental contract was a bailment, not an insurance contract, the rental company was not required to provide uninsured motorist coverage. The division held that the rental company was the named insured. *Passamano v. Travelers Indemnity Co.*, 835 P.2d 514 (Colo.App.1991). However, the supreme court rejected this analysis and determined that the rental contract was not merely a bailment but was also a contract of insurance. Therefore, it held, the rental agency was an insurer, and the plaintiff was the named insured for purposes of Colo. Sess. Laws 1983, ch. 92, § 10–4–609(1) at 454, which required insurers to offer unin-

sured/underinsured motorist coverage. *Passamano v. Travelers Indemnity Co.*, 882 P.2d 1312 (Colo.1994).

While the General Assembly has superseded the *Passamano* decision by amending § 10–4–609(1), to provide that rental agencies are not required to provide customers the opportunity to purchase or reject optional uninsured/underinsured motorist coverage, Colo. Sess. Laws 1995, ch. 51, § 10–4–609(1)(b) at 143, the issue here concerns PIP coverage, which is compulsory. Section 10–4–705, C.R.S.2001; *see Ortiz v. Hawkeye-Security Insurance Co.*, 971 P.2d 233 (Colo. App.1998). Thus, the *Passamano* court's holding that the named "authorized driver" in the rental contract is the "named insured" remains viable.

This conclusion is buttressed by the decision in *Thompson v. Budget Rent–A–Car Systems, Inc., supra.* There, a division of this court concluded the renter was entitled to accept or reject supplemental PIP coverage under § 10–4–710(2)(a), C.R.S.2001, an option exclusively reserved to the named insured.

Defendant urges us to limit *Passamano* 's holding that a renter is the named insured to situations involving uninsured/underinsured motorist coverage. However, that distinction was rejected by the division in *Thompson*, which reasoned that the purpose of both uninsured/underinsured motorist coverage and PIP coverage is to "ensure adequate compensation for persons injured in car accidents." *Thompson v. Budget Rent–A–Car Systems, Inc., supra*, 940 P.2d at 991.

Moreover, Colorado courts have generally rejected the proposition that different rules should apply to PIP coverage. The supreme court in *Metropolitan Property & Casualty* refused to distinguish PIP coverage from liability coverage regarding permissive use, holding that the distinction "would do violence to the broad purposes of the No–Fault Act," one of which is to "remedy issues of inadequate compensation to victims of automobile accidents by requiring minimum no-fault PIP insurance, as well as legal liability coverage." Instead, the court suggested that different treatment for PIP coverage would

be appropriate in situations where insurers of the owner and those of the operator dispute whose coverage should be primary. *Metropolitan Property & Casualty Insurance Co. v. Hertz Corp., supra,* 981 P.2d at 1095 & n. 1. Such a question of primary coverage is not the issue here.

Consequently, we hold that plaintiff, as an authorized driver of the motor home and motorcycles, was the named insured under his insurance and rental contract with defendant. Accordingly, the entry of summary judgment for defendant was error.

In light of this holding, we need not address plaintiff's remaining contentions.

The judgment is reversed, and the case is remanded for further proceedings on plaintiff's complaint.

Judge NEY and Judge TAUBMAN concur.