Brian F. FAZIO, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a mutual company, Defendant–Appellee.**

No. 01CA0601.

Colorado Court of Appeals, Div. I.

March 28, 2002.

John A. Meininger, Denver, Colorado, for Plaintiff–Appellant.

Lambdin & Chaney, LLP, Suzanne Lambdin, Stephanie A. Montague, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Brian F. Fazio, appeals the summary judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company. We affirm.

Plaintiff was severely injured on June 28, 1996, when the motorcycle he was operating collided with a deer. Plaintiff's motor vehicle insurance policy with State Farm provided liability coverage for his motorcycle as required by § 10–4–706(1)(a), C.R.S.2001. However, in conformance with § 10–4–705(3), C.R.S.2001, the policy did not include personal injury protection (PIP) coverage.

Plaintiff made a claim for PIP benefits, which State Farm denied. Plaintiff then filed this lawsuit alleging, as relevant here, that State Farm had breached the insurance contract. Plaintiff asked the court to exercise its equitable powers to reform the contract to order PIP coverage. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment in favor of State Farm. This appeal followed.

Plaintiff contends the entry of summary judgment in favor of State Farm was error. He argues that, because the relevant version of § 10–4–710(2)(a), C.R.S.2001, clearly and unambiguously requires insurance carriers to offer enhanced optional PIP coverage and because State Farm did not offer him enhanced PIP coverage, he is entitled to reformation of his insurance contract. We disagree.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Camacho v. Honda Motor Co.*, 741 P.2d 1240, 1248–49 (Colo. 1987). We review a trial court's grant of summary judgment de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo. 1995).

The interpretation of a statute is a question of law, which we also review de novo. *See United Airlines, Inc. v. Industrial Claim Appeals Office*, 993 P.2d 1152, 1157 (Colo.2000). When construing a statute, courts must determine and give effect to the intent of the General Assembly. *See Walker v. People*, 932 P.2d 303 (Colo.1997). To determine intent, we look first to the plain language of the statute. *See Vaughan v. McMinn*, 945 P.2d 404 (Colo.1997). If we can give full effect to the ordinary meaning of the words used, the statute should be construed as written, because it is presumed the General Assembly meant what it clearly said. *See State v. Nieto*, 993 P.2d 493, 500 (Colo.2000).

It is presumed the General Assembly intends a just and reasonable result when it enacts a statute. Therefore, a statutory construction that leads to absurd results will not be followed. *See City of Ouray v. Olin*, 761 P.2d 784, 788 (Colo.1988). When interpreting a statute that is part of a comprehensive legislative scheme, all parts must be given meaning, and the statutory provisions must be construed to further the legislative intent. *See Southwest Capital Investments, Inc. v. Pioneer General Insurance Co.*, 924 P.2d 1205 (Colo.App.1996).

To place plaintiff's argument in context, we will summarize the relevant statutes. Section 10–4–706, C.R.S.2001, establishes mandatory minimums for motor vehicle insurance in Colorado, including liability, property damage, and certain minimum PIP coverage. However, under § 10–4–705(3), coverage for motorcycles is limited to liability coverage only. *Thompson v. Dairyland Insurance Co.*, 618 P.2d 736 (Colo.App.1980); *see also Brucha v. Cruise America, Inc.*, 53 P.3d 700, 2001 WL 1548720 (Colo.App. No. 01CA0057, Dec. 6, 2001). *See generally* Jon R. Schumacher, *Not So Fast—Your Client May Have PIP Coverage, and Lots of It*, 51 Trial Talk 8 (Feb./Mar.2002).

The version of § 10–4–710(2)(a) in effect at the time of plaintiff's accident provided: "Every insurer shall offer for inclusion in a complying policy, in addition to the coverages described in section 10–4–706, at the option of the named insured [certain types of en-

hanced PIP coverage]." Colo. Sess. Laws 1992, ch. 219 at 1779.

██ The plain meaning of this language is that a named insured who has minimum PIP coverage under § 10–4–706 must be offered an opportunity to purchase certain types of enhanced PIP coverage. Conversely, an insurer is not required to offer enhanced PIP coverage to a named insured, such as a motorcycle owner like plaintiff, who by virtue of § 10–4–705(3) is not required to have any PIP coverage. A contrary reading would lead to the absurd result of requiring insurers to offer enhanced PIP coverage for motorcycles in the absence of any requirement for them to offer even minimum PIP coverage.

This interpretation is also consistent with the overall statutory scheme. In *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 553 (Colo.App.1998), a division of this court addressed the scope of PIP coverage as it pertains to the categories of persons who are eligible for extended coverage:

> [I]n § 10–4–710, extended coverage is to be made available "in addition to the coverage described in § 10–4–706." The "types" of extended coverage to be provided are the "types" described in § 10–4–706(1)(b). And, the coverages provided in § 10–4–706(1)(b) apply without distinction to all categories of persons listed in § 10–4–707(1). Thus, by the plain terms of these provisions, *§ 10–4–710 describes an option to purchase coverage, but at higher limits, for the same persons and under the same conditions applicable to mandatory basic PIP coverage.* (emphasis added)

We conclude that the former version of § 10–4–710(2)(a) does not require insurers to offer enhanced PIP coverage for motorcycles. Therefore, the trial court was correct in entering summary judgment in favor of State Farm.

The judgment is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.