June LAMB, Plaintiff–Appellee,

v.

**GEICO GENERAL INSURANCE COMPANY, Defendant–Appellant.**

No. 01CA2544.

Colorado Court of Appeals, Div. IV.

Nov. 7, 2002.

Rehearing Denied April 3, 2003.

Certiorari Denied Oct. 14, 2003.

Jack Kintzele, Denver, Colorado, for Plaintiff–Appellee.

Deisch, Marion & Klaus, P.C., Gregory K. Falls, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, GEICO General Insurance Company, appeals the trial court judgment declaring that plaintiff, June Lamb, was entitled to personal injury protection (PIP) coverage under her automobile insurance policy issued by defendant. We reverse and remand with directions.

Plaintiff was injured when the motorcycle she was driving collided with a car. At the time of the accident, plaintiff was the named insured under two insurance policies issued by defendant. The first, a motorcycle insurance policy, provided liability and property damage coverage, but not PIP coverage. The second, an automobile insurance policy covering plaintiff's car, provided PIP cover-

age, but expressly excluded coverage for bodily injury resulting from the use or operation of a motor vehicle owned by the insured person but not insured under the policy.

After defendant denied plaintiff's claim for PIP benefits, plaintiff brought this action, seeking PIP benefits, additional benefits for property damage under her motorcycle policy, and damages for defendant's asserted bad faith breach of contract. The trial court denied defendant's motion to dismiss the claim for PIP benefits and entered a declaratory judgment that, notwithstanding the policy exclusion, plaintiff was entitled to PIP coverage under her automobile insurance policy in light of *DeHerrera v. Sentry Insurance Co.*, 30 P.3d 167 (Colo.2001). The judgment was certified as final pursuant to C.R.C.P. 54(b).

Defendant contends on appeal that the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.2002 (No–Fault Act), does not require PIP coverage for owner-operators of street motorcycles and that the trial court erred in relying on *DeHerrera* for a contrary conclusion. We agree.

■ The interpretation of a statute is a question of law, which we review de novo. *See United Airlines, Inc. v. Indus. Claim Appeals Office*, 993 P.2d 1152 (Colo.2000); *Fazio v. State Farm Mut. Auto. Ins. Co.*, 55 P.3d 229 (Colo.App.2002).

■ When construing a statute, we must determine and give effect to the intent of the General Assembly. To do so, we look first to the plain language of the statute. Because it is presumed the General Assembly intends a just and reasonable result when it enacts a statute, a statutory construction that leads to an absurd result will not be followed. *Fazio v. State Farm Mut. Auto. Ins. Co., supra.*

■ The No–Fault Act requires insurance carriers to provide certain types of coverage, including, as pertinent here, PIP coverage applicable to:

(a) Accidental bodily injury sustained by the named insured when injured in an accident involving any motor vehicle, regardless of whether the accident occurs in this state or in any other jurisdiction, *except where the injury is the result of the use or operation of the named insured's own motor vehicle not actually covered under the terms of [the No–Fault Act];*

(b) Accidental bodily injury sustained by a relative of the named insured under the circumstances described in paragraph (a) of this subsection (1) ... *except where the relative is injured as a result of the use or operation of his own motor vehicle not actually covered under the terms of [the No–Fault Act].*

Section 10–4–707(1), C.R.S.2002 (emphasis added).

As used elsewhere in the No–Fault Act, "motor vehicle" generally does not include a motorcycle. *See* § 10–4–703(7), C.R.S.2002 ("Motor vehicle' means any vehicle of a type required to be registered and licensed under the laws of this state and which is designed to be propelled by an engine or motor; except that this term does not include motorcycles ....."). However, motorcycles are included within the term "motor vehicle" as it is used in § 10–4–707(1)(a) & (b), quoted above. Section 10–4–707(2), C.R.S.2002, states:

The definition of "motor vehicle" set forth in section 10–4–703(7) shall not apply with respect to [§ 10–4–707(1)(a) & (b) ]. For purposes of said paragraphs (a) and (b), "motor vehicle" means any motor vehicle required to be registered and licensed for operation on the public highways of this state or any other jurisdiction.

Thus, in accordance with the plain language of these provisions, the PIP coverage mandated under the No–Fault Act does not apply to injuries resulting from the insured's use of his or her own motor vehicle—including a motorcycle that is required to be registered and licensed for use on public highways—if such vehicle is not actually covered under the terms of the No–Fault Act.

In *Thompson v. Dairyland Insurance Co.*, 618 P.2d 736 (Colo.App.1980), a division of this court construed this statutory language as excluding street motorcycles from mandatory PIP coverage. In *Thompson*, as in this case, the insured contended that the No–Fault Act required his insurer to provide

PIP coverage for injuries he received when his street motorcycle was involved in an accident with another vehicle. The division disagreed. It reasoned that, because the plaintiff's motorcycle was undisputedly required to be registered and licensed for operation on public highways and thus was not within the general No–Fault Act definition of "motor vehicle" in § 10–4–703(7), it was not "actually covered" under the terms of the No–Fault Act for purposes of the exclusion in § 10–4–707(1)(a). *Thompson, supra,* 618 P.2d at 737.

■ We agree with the analysis in *Thompson* and conclude, as did the *Thompson* division, that § 10–4–707(1)(a) excludes street motorcycles from mandatory PIP coverage. This construction accords not only with the plain language of § 10–4–707(1)(a) but also with the overall statutory scheme, which reflects an intent to limit mandatory PIP coverage for street motorcycles. *See* § 10–4–705(3), C.R.S.2002 (limiting compulsory coverage for motorcycles to liability coverage); *Fazio v. State Farm Mut. Auto. Ins. Co., supra* (insurer not required by No–Fault Act to offer enhanced PIP coverage to motorcycle owners where, under § 10–4–705(3), no PIP coverage at all is required for motorcycles); *Brucha v. Cruise America, Inc.,* 53 P.3d 700, 701 (Colo.App.2001)(noting in dictum that, under § 10–4–705(3), minimum coverage for motorcycles does not include PIP coverage; "Therefore, unless a motorcycle owner specifically purchases PIP coverage, he or she cannot recover PIP benefits for an injury incurred while operating his or her own motorcycle."); *Martinez v. Allstate Ins. Co.,* 961 P.2d 531 (Colo.App.1997)(under § 10–4–707(1)(b), PIP benefits not available under parents' automobile insurance policy for son injured while operating his own motorcycle).

We reject plaintiff's contention that the statutory exceptions for motor vehicles "not actually covered under the terms of" the No–Fault Act are inapplicable because she had liability coverage for her motorcycle. Liability coverage is required for all motorcycles under the No–Fault Act. *See* § 10–4–705(3). Thus, under plaintiff's interpretation, the PIP coverage referenced in § 10–4–707(1)(a)

& (b) would be available for motorcycles. Such an interpretation would produce an absurd result, in that it would be directly contrary to the express exclusion of motorcycles from mandatory PIP coverage in § 10–4–705(3). *See Travelers Indem. Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976)(notwithstanding use of phrase "all coverages" in § 10–4–707(4), provision must be read as limited to PIP coverage to be consistent with other portions of No–Fault Act).

We further conclude that *DeHerrera* does not warrant a contrary interpretation. In that case, the supreme court considered a claim for PIP coverage for injuries suffered by the son of the named insured when he was riding his off-road motorcycle and was involved in an accident with a pickup truck. The insurance company had denied coverage based on a policy provision excluding coverage for persons occupying a vehicle that was not a car. The supreme court held that the language in § 10–4–707(1)(a) mandating coverage for a person injured "in an accident involving any motor vehicle" precluded the insurance carrier from excluding coverage for the insured's son. *DeHerrera, supra,* 30 P.3d at 172.

The court noted that its construction of § 10–4–707(1)(a) was "subject to statutory exclusions," *DeHerrera, supra,* 30 P.3d at 172, and stated at the conclusion of its discussion of the PIP coverage issue: "The parties have not argued that any statutory exclusions apply. Hence, we hold that the statute unambiguously requires that Sentry provide PIP coverage in this case." *DeHerrera, supra,* 30 P.3d at 173.

The *DeHerrera* court also discussed *Thompson,* observing that, although the facts in that case were similar, the division's reason for denying PIP coverage was inapplicable because the plaintiff in *Thompson* "fit a statutory exception to mandatory PIP coverage, an exception which Sentry has not argued applies in this case." *DeHerrera, supra,* 30 P.3d at 172. The court added in a footnote:

> We express no opinion as to whether the exclusion used to deny PIP coverage in *Thompson* applies to DeHerrera in this case because Sentry has not argued the

applicability of the exclusion and in fact has admitted in the trial court that the exclusion does not apply. The statutory exclusion to mandatory PIP coverage applies to an insured whose injuries result from "the use or operation of the [insured's] own motor vehicle not actually covered under the terms of [the No–Fault Act]." § 10–4–707(1)(b).... This section of the No Fault Act defines a motor vehicle as a vehicle "required to be licensed for operation on the public highways of this state or any other jurisdiction." § 10–4–707(2).... *Because Sentry admitted that an off-road motorcycle is not a motor vehicle within the applicable definition, it has admitted that the statutory exclusion from mandatory PIP coverage does not apply in this case.*

*DeHerrera, supra,* 30 P.3d at 172 n. 7 (emphasis added). In another footnote, the supreme court acknowledged the analogous exclusion in § 10–4–707(1)(b) and again observed: "Sentry has not argued that this exception applies in this case, and thus we do not address this exclusion in this opinion." *DeHerrera, supra,* 30 P.3d at 172 n. 6.

In light of the care taken by the supreme court in *DeHerrera* to limit its holding to the situation before it, which involved an off-road motorcycle not within the statutory exceptions in § 10–4–707(1)(a) & (b), we conclude that the trial court erred in reading *DeHerrera* to require PIP coverage for the plaintiff in this case.

Accordingly, because motorcycles fall within the statutory exceptions to mandatory PIP coverage, the provision in plaintiff's automobile insurance policy excluding PIP coverage for injuries sustained when she was operating her own noninsured motor vehicle is enforceable as written. Under that policy exclusion, there was no PIP coverage for plaintiff, and defendant did not act in bad faith or breach its insurance contract with her when it denied her claim for PIP benefits.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

The judgment is reversed, and the case is remanded with directions to enter judgment for defendant on plaintiff's first and second claims for relief.

Judge DAILEY and Justice ERICKSON * concur.