CARPARELLLI, J.
 

 In this insurance coverage dispute, plaintiff, Ryan Richardson, appeals the summary judgment entered in favor of defendant, Farmers Insurance Exchange. We reverse and remand with directions.
 

 Plaintiff's brother claimed to be the owner of a motorcycle and insured it with Farmers. Plaintiff was driving the motorcycle when a pickup turned left in front of him, causing a collision and injuring his leg. The negligent driver's insurance company paid plaintiff the driver's policy limit of $25,000.
 

 Plaintiff submitted a claim to Farmers under his brother's uninsured/underinsured motorist (UM,/UIM) coverage. Farmers denied the coverage because, although the applicable UM/UIM coverage for the brother and relatives who live with him is $100,000, the policy contains a "step-down" endorsement that limits coverage for others to $25,000. Farmers explained that, as a result, the tortfeasor whose insurance paid $25,000 for plaintiff's injuries was not underinsured under the terms of the Farmers policy.
 

 Plaintiff filed a motion for summary judgment, asserting that the step-down endorsement is unenforceable because it is contrary to § 10-4-609, C.R.98.2004. Farmers filed a cross-motion for summary judgment regarding the enforceability of the same endorsement.
 

 The trial court denied plaintiffs motion and granted summary judgment in favor of Farmers, concluding, as a matter of law, that the policy's step-down endorsement is valid and not in violation of Colorado law.
 

 L
 

 Summary judgment should only be entered when there is no disputed issue of material
 
 *1136
 
 fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing that there are no genuine issues of material fact and any doubt as to the existence of a material factual dispute should be resolved against the moving party. See Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251 (Colo.1995).
 

 This court reviews the trial court's entry of summary judgment de novo. McIntyre v. Bd. of County Comm'rs, 86 P.3d 402 (Colo.2004).
 

 Insurance contracts must comply with applicable statutory requirements. Any portion of an insurance policy that does not comply with those requirements is unenforceable. Peterman v. State Farm Mut. Auto. Ins. Co., 961 P.2d 487 (Colo.1998).
 

 A statute must be interpreted in accordance with its plain and ordinary meaning to give effect to the intent and purpose of the General Assembly. Aetna Cas. & Sur. Co. v. McMichael, 906 P.2d 92 (Colo.1995).
 

 Because the interpretation of a statute is a question of law, we also review trial court statutory interpretations de novo. Fazio v. State Farm Mut. Auto. Ins. Co., 55 P.3d 229 (Colo.App.2002).
 

 IL.
 

 Plaintiff contends that the trial court erred when it denied his motion for summary judgment and concluded that the step-down endorsement is enforceable. We conclude that the trial court correctly determined that this step-down endorsement does not violate § 10-4-609(1), C.R.S.2004. However, we also conclude that it is undisputed that Farmers did not comply with $ 10-4-609(2), C.R.98.2004, before it included that endorsement in the policy here, and that the trial court erred when it denied plaintiff's motion for summary judgment on that issue.
 

 A.
 

 We first reject plaintiff's contention that the step-down endorsement is unenforceable because, contrary to the statute, his brother did not reject in writing higher UM/UIM coverage for persons other than himself and relatives living with him (other insureds).
 

 An insurance policy provision may be void and unenforceable if it attempts to "dilute, condition, or limit statutorily mandated coverage." DeHerrera v. Sentry Ins. Co., 30 P.3d 167, 173 (Colo.2001).
 

 In pertinent part, § 10-4-609(1)(a), C.R.S. 2004, prohibits insurance companies from issuing automobile insurance policies
 

 unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death [of not less than $25,000] for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... resulting therefrom; except that the named insured may reject such coverage in writing.
 

 This provision "prohibits an insurer from issuing an automobile liability policy unless UM/UIM coverage is included in the policy, except where the named insured rejects UM/ UIM coverage in writing." Allstate Ins. Co. v. Parfrey, 880 P.2d 905, 912 (Colo.1992). In addition, this provision plainly requires that the UM/UIM coverage must be not less than $25,000 unless the named insured rejects such coverage in writing.
 

 The endorsement at issue here contains UM/UIM of not less than $25,000 for all individuals for whom the policy provides coverage. Because the endorsement contains the mandated coverage, no written rejection of that coverage is required by the statute.
 

 Therefore, the trial court correctly concluded that this step-down endorsement does not violate § 10-4-609(1).
 

 B.
 

 Plaintiff argues that because the lability portion of the policy provided bodily injury limits of $100,000/$300,000 for other insureds, Farmers was required to offer his brother the same UM/UIM coverage with the same limits for those insureds. We agree.
 

 
 *1137
 
 Section 10-4-609(2) requires that, before an insurance company issues or renews a policy, it must
 

 offer the named insured the right to obtain higher limits of uninsured motorist coverage in accordance with its rating plan and rules, but in no event shall the insurer be required to provide limits higher than the insured's bodily injury liability limits or one hundred thousand dollars per person and three hundred thousand dollars per accident, whichever is less.
 

 The purpose of § 10-4-609(2) is to provide the prospective policyholder an opportunity to make an informed decision regarding the appropriate level of UM/UIM coverage. In furtherance of that purpose, this subsection imposes a duty on the insurance company to offer the prospective policyholder the opportunity to purchase UM/UIM coverage in an amount equal to the policyholder's bodily injury liability limits up to $100,000 per person and $300,000 per accident. v. Sentry Ins. Co., supra; Aetna Cas. & Sur. Co. v. McMichael, supra; Allstate Ins. Co. v. Parfrey, supra.
 

 Section 10-4-609(2) also requires that the offer of equal coverage must pertain to "a class of insureds coextensive with the class of insureds covered under the Hability provision of the policy." Aetna Cas. & Sur. Co. v. McMichael, supra, 906 P.2d at 98; DeHerrera v. Sentry Ins. Co., supra.
 

 The affirmative offer of coverage must be made in a reasonable manner calculated to permit the insured to make an informed decision on whether to purchase UM/UIM coverage. Allstate Ins. Co. v. Parfrey, supra.
 

 1.
 

 We first reject Farmers' contention that the issue of whether it complied with § 10-4-609(2) by offering plaintiff's brother the right to obtain higher limits of UM/UIM coverage is not properly before the court.
 

 Plaintiff began his motion for summary judgment by stating that the statute requires that
 

 the class of persons protected by UM/UIM coverage [must] be "coextensive" with the class of persons protected by bodily injury liability insurance and that, when the named insured elects to contract for liability insurance in amounts greater than the statutorily required minimums, the insurer must offer the named insured UM/UIM coverage in those same amounts.
 

 Plaintiff later quoted, underlined, and discussed statutory language that requires insurance companies to make such an offer. He discussed facts regarding the lack of an offer at least three times. He attached an affidavit in which his brother, the named insured, declared that he requested UM/UIM coverage equivalent to the policy's liability limits and that Farmers' agent did not advise him that there would be less coverage for other insureds. The motion also referenced and attached deposition testimony in which Farmers' agent stated that he had not discussed with the brother UM/UIM coverage for such other persons.
 

 Consequently, we conclude that the issue of Farmers' compliance with § 10-4-609(2) as presented by plaintiff on appeal was properly before the trial court and is properly raised here.
 

 2.
 

 We also conclude that it is undisputed that Farmers did not comply with the requirements of § 10-4-609(2).
 

 The declarations page of the policy indicates UM/UIM coverage for bodily injury in the amount of $100,000 per person and $300,000 per accident. However, the policy also contains the following endorsement, which attempts to reduce the coverage to $25,000/$50,000 for other insureds:
 

 The amounts by which the Limits of Liability shown on the Declarations exceed the minimum limits required by Colorado law apply only to you and your family member. This policy's uninsured motorist insurance covers any insured person other than you or your family member only up to the minimum required limits of Colorado law. Those limits are currently $25,000 "each person" and $50,000 "each occurrence." If the minimum required limits under Colorado law change, the coverage
 
 *1138
 
 provided by this policy will change correspondingly.
 

 The policy defines "family member" as a person related to the insured and residing in the same household.
 

 Plaintiff submitted the deposition tran-seript of Farmers' agent in support of his motion. With regard to the discussions about UM/UIM coverage, the transcript reflects that Farmers' agent testified as follows:
 

 Q: Did you explain to [plaintiff's brother] that the UM/UIM benefits only applied to him as the insured and any member of his family?
 

 A: I wouldn't have had any reason to discuss that with him.
 

 Q: So you would not have explained to [plaintiff's brother] that the UM/UIM benefits of $100,000/$300,000 did not apply to a permissive user of his mo-toreycle who is not a family member?
 

 A: We did not discuss that, no.
 

 With regard to the inclusion of the endorsement in the policy, the transcript reflects that the agent testified:
 

 Q: Is it your understanding that Paragraph 3 [of the step-down endorsement] specifically limits non-family members' UM/UIM coverage to $25,-000/50,000?
 

 A: That's what the endorsement says, yes.
 

 Q: And I understand from what you've previously testified, at no time did you explain to [plaintiff's brother] that he's purchasing an insurance policy that limits his UM/UIM coverage in some fashion?
 

 A: The question never arose, so it wouldn't-it just really wouldn't come into a normal conversation about insurance because I'm really dealing with him as an individual as the one I'm insuring. So it wouldn't be something that, you know, I would read the entire policy and all of the provisions to each individual that came through the door. That just doesn't happen.
 

 In addition, plaintiff also submitted an affidavit in which his brother declared that he wanted UM/UIM coverage of $100,000/$800, 000 for everyone covered under the policy and that Farmers' agent did not advise him that there would be an endorsement in which the coverage would step-down to $25,000/$50, 000 for relatives who did not live with him.
 

 In its response, Farmers did not deny the brother's allegations, supplement or dispute its agent's testimony, or assert that it offered the brother an opportunity to purchase UM/ UIM coverage in an amount equal to the policy's $100,000/$300,000 bodily injury liability limits for a class of insureds coextensive with the class of insureds covered under the liability provision.
 

 Subject to resolution of Farmers' alternative grounds for summary judgment which are not ripe for appeal, there is no dispute regarding the following: (1) the liability portion of the brother's policy provides coverage for insureds other than the brother and relatives who live with him; (2) plaintiff's brother purchased UM/UIM coverage equal to his liability coverage; and (8) the step-down endorsement attempts to limit the UM/UIM coverage for other insureds to a statutory minimum.
 

 Thus, we conclude that plaintiff submitted sufficient evidence to support his allegation that Farmers did not offer UM/UIM coverage in the amount of $100,000/$300,000 to plaintiff's brother as required by the statute, and there is no evidence to the contrary. Viewing the evidence in the light most favorable to Farmers, we conclude that there is no dispute regarding Farmers' failure to comply with the statute.
 

 Accordingly, the trial court erred when it ruled the step-down endorsement is enforceable and granted summary judgment to Farmers. Instead, because it is undisputed that Farmers did not comply with the statute, the endorsement is unenforceable; plaintiff is entitled to partial summary judgment on that issue; and, as a result, the policy provides UM/UIM coverage for bodily injury in the amount of $100,000 per person and $300,000 per accident for all insureds, as stated on the declarations page.
 

 
 *1139
 
 C.
 

 Farmers' response to plaintiff's motion and its answer brief on appeal repeatedly emphasize the statutory phrase that says that an insurance company must offer the right to obtain higher UM/UIM limits "in accordance with its rating plan and rules." With its response to plaintiff's motion, Farmers submitted an affidavit in which its personal lines operations manager declared that Farmers submitted the endorsement to the Colorado Commissioner of Insurance for approval and that the endorsement was approved and accepted for filing in 1994. Farmers implies that the step-down endorsement was in accordance with its rating plan and rules.
 

 To the extent Farmers argues that the referenced phrase permits insurance companies to establish rating plans and rules that trump the statute's plainly stated requirements, we reject its argument.
 

 IIL.
 

 Farmers' cross-motion for summary judgment included two issues and asked the trial court to consider the second one only if the court concluded the step-down endorsement was unenforceable. Because the trial court concluded the endorsement was enforceable and granted summary judgment on that issue, it did not consider Farmers' alternative issue.
 

 Therefore, the judgment is reversed, and the case is remanded with instructions (1) to enter partial summary judgment in favor of plaintiff ordering that the step-down endorsement is not enforceable and that the policy provides UM/UIM coverage for all insureds as stated on the declarations page, (2) to rule on Farmers' alternative grounds for summary judgment, and (8) to conduct additional proceedings consistent with this decision.
 

 Judge STERNBERG and Judge PLANK concur.